*Sanders & Eastin, for appellants.*
*Hagan & Dupuy, for appellee.*

---

THOS. D. BURFORD *v.* JANE B. BURFORD, ET AL.

Judicial Sale—Estoppel—Act of Claimant.
   Though a sheriff at a judicial sale, by reason of failure to enter proper
   credit of full payment made by judgment debtor, sold more land than
   necessary, the debtor, not using ordinary diligence for more than a year
   to discover this fact, induced defendant to purchase the land so sold
   from the assignee of the execution purchaser. Held, to estop plaintiff
   from asserting claim with or against such purchaser.

APPEAL FROM MERCER CIRCUIT COURT.

May 12, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

We are of opinion that the sheriff should have allowed appellant interest on the $2,000 payment made by him on the debt to the Ewings Institution from the date of the same up to the time when the debt fell due.

In consequence of his failure to do so he sold more land than the executions in his hands authorized him to sell, and his sale was void. But nearly a year after this sale was made, and when appellant either did know or could by the use of ordinary diligence have discovered this fact, he induced the appellee to purchase the land so sold from the assignee of the execution purchaser.

This conduct upon his part stops him from asserting with or against her. The circuit judge therefore properly dismissed his petition.

Judgment affirmed.

*J. and P. B. Thompson, for appellant.*
*Polk, Kyle, for appellees.*